IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
UNITED PUBLIC WORKERS, AMERICAN )   Civil No. 15-00303 HG-KSC
FEDERATION OF STATE, COUNTY,    )
MUNICIPAL EMPLOYEES, LOCAL 646, )
AFL-CIO,                        )
                                )
          Plaintiff,            )
                                )
                                )
vs.                             )
                                )
                                )
DAVID Y. IGE, in his capacity   )
as Governor of the State of     )
Hawaii,                         )
                                )
          Defendant.            )
_____)
```

**ORDER VACATING THE COURT'S FEBRUARY 19, 2016 JUDGMENT (ECF No. 88) and ENTERING THE PARTIES' CONSENT DECREE**

On August 17, 2016, the Ninth Circuit Court of Appeals issued an order temporarily remanding proceedings to the District Court for the limited purpose of and action on:

> [T]he terms of the parties' settlement agreement, namely, the parties' request (1) to vacate the present judgment, and (2) to enter the consent decree set forth in the settlement agreement.
> (ECF No. 102).

Pursuant to the Ninth Circuit Court of Appeals' order and the parties' Settlement Agreement, attached as Exhibit A, the Court orders that the Judgment issued on February 19, 2016 (ECF No. 88) be **VACATED**.

Pursuant to the stipulation of the parties, it is hereby

ordered, adjudicated and decreed as follows:

All Hawaii Health Systems Corporation (HHSC) — Maui Region employees in plaintiff United Public Workers (UPW) Bargaining Units 1 and 10 affected by implementation of 2015 Haw. Sess. L. Act 103 (Hawaii Act 103), except those who voluntarily choose to terminate their HHSC employment, shall, up until the expiration on June 30, 2017 of existing applicable collective bargaining agreements with UPW, (1) remain HHSC employees, (2) remain public employees for purposes of state laws that apply to public officers and employees of the State, including but not limited to chapters 76, 89, 89A and 89C, Hawaii Revised Statutes, and (3) continue to be covered by these collective bargaining agreements, including any amendments and supplemental agreements entered into between HHSC and UPW, which will continue to be enforceable under Hawaii state law.  Defendant David Ige, in his official capacity as Governor of Hawaii (Governor), is enjoined from implementation or enforcement of Hawaii Act 103 to the sole extent a provision therein, if any, is held to directly contradict or preclude the Governor from complying with the previous sentence.

This consent decree (1) shall expire on its own terms on June 30, 2017 without motion of either party and may not be extended, and (2) is entered into for the sole purpose of settling the underlying disputes between the parties without further litigation based upon the unique existing circumstances

before the parties and, as such, may not be cited by either party for its precedential value.  Neither party will be considered the prevailing party in this action, nor may a party seek such status.  Each of the parties bears its own fees and costs related to this action, including but not limited to District Court proceedings and the appeal, up through the expiration of the consent decree.  Any and all other relief sought by any party in this action is denied.

    Entry of the consent decree constitutes a final judgment.

    The Clerk of Court is directed to provide a copy of this Order to the Ninth Circuit Court of Appeals.

    IT IS SO ORDERED.

    DATED:   Honolulu, Hawaii, August 17, 2016

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

United Public Workers, American Federation of State, County, Municipal Employees, Local 646, AFL-CIO v. David Y. Ige, in his capacity as Governor of the State of Hawaii, Civ. No. 15-cv-00303HG-KSC, **ORDER VACATING THE FEBRUARY 19, 2016 JUDGMENT (ECF No. 88) and ENTERING THE PARTIES' CONSENT DECREE**